IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| REBECCA DADISMAN and<br>JUSTIN DADISON, et. al., | Case No. 3:22-cv-00297 |
| Plaintiff, | REPORT OF PARTIES'<br>PLANNING MEETING |
| -vs- | JUDGE JEFFREY J. HELMICK |
| PETTISVILLE LOCAL SCHOOLS<br>BOARD OF EDUCATION, et. al. | |
| Defendant. | |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on June 8, 2022, and was attended by:

Keith Altman, Esq.    Counsel for Plaintiff(s)

Robert J. McBride Esq. and William Deters Esq.    Counsel for Defendant(s)

2. The parties:

_____ Have exchanged the pre-discovery disclosures required by Rule 26(a)(l) and the Court's prior order;

or

__X___ Will exchange such disclosures by July 18, 2022

3. The parties recommend the following track:

_____ Expedited    __X___ Standard    _____ Complex

_____ Administrative    _____ Mass Tort

4. This case ___is /___ X_____ is not suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

_____ Early Neutral Evaluation    _____ Mediation    _____ Arbitration

_____ Summary Jury Trial    _____ Summary Bench Trial

5. The parties _____ do/__X__ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

If you are consenting to the jurisdiction of the United States Magistrate Judge, please contact the Judge's Chambers (419-213-5690) prior to the Case Management Conference. A Consent to the Exercise of Jurisdiction will then be issued for signature by all parties and the case will be sent to the Magistrate Judge for the Case Management Conference and all further proceedings.

6. The parties agree that this case __X___ does / _____ does not involve electronic discovery.

7. Recommended Discovery Plan (Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules):

   (a) Describe the subjects on which discovery is to be sought, the nature and extent of discovery and any potential problems: Discovery to be sought on Defendants policies, procedures, business documents, and communications and any other relevant documentation relating to Defendant's handling of Plaintiff's claims. Defendants intend to engage in written interrogatories, requests for production of documents, and depositions pertaining to liability and damages.

   (b) Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.): The Parties do not have any anticipated issues with the discovery process. If such issues arise, the Parties will work together to resolve such issues as they arise. If they can not be resolved by the Parties, the court will be notified at the earliest convenience.

   (c) Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions): No expert are expected to be retained in this litigation at this time.

   (d) Discovery Deadlines:

      (i) Liability: March 31, 2023

      (ii) Damages: March 31, 2023

8. Recommended dispositive motion date: July 14, 2023

9. Recommended cut-off for amending the pleadings and/or adding additional parties: March 31, 2023

10. Recommended date for status hearing and/or final pretrial settlement conference: 14 Days before trial

11. Other matters for the attention of the Court: None at this time.

_____

_____

Keith Altman, Esq.           Attorney for Plaintiffs:        /s/ *Keith Altman, Esq.*

Robert J. McBride, Esq.      Attorney for Defendants:       /s/ *Robert J. McBride, Esq.*